UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MAX KERKMAN,<br><br>    Movant,<br><br>vs.<br><br>YANKTON FPC, WARDEN,<br><br>    Respondent. | 4:21-CV-04183-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* habeas petition of Max Kerkman, a person confined at the Yankton Federal Prison Camp in Yankton, South Dakota. See Docket No. 1. Mr. Kerkman seeks habeas relief under the First Step Act. Now pending is a motion to dismiss Mr. Kerkman's habeas petition pursuant to 28 U.S.C. § 2241 without holding an evidentiary hearing. See Docket No. 9. Mr. Kerkman opposes the motion. See Docket No. 12. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Kerkman asserts in his petition that he is seeking to have respondent immediately credit him with five months' of earned time credits pursuant to the First Step Act. See Docket No. 1. Mr. Kerkman does not favor the court with the length of his sentence, the number of credits he believes he

has earned, the respondent's projected release date, or Mr. Kerkman's own calculation of his release date.  Id.

Respondent has indicated Mr. Kerkman is serving a 24-month sentence for being an unlawful user in possession of a firearm.  Docket No. 11 at p. 2, ¶ 4.  Respondent asserts Mr. Kerkman's projected release date is July 31, 2022, via good conduct time release.  Id.

## DISCUSSION

**A.     The Court Lacks Subject Matter Jurisdiction**

**1.     The Court Lacks Power to Require Implementation of FSA Now**

The First Step Act ("FSA"), Public Law No. 115-391, was enacted into law on December 21, 2018.  Mr. Kerkman invokes the portion of the FSA dealing with an inmate's ability to earn credits allowing him to secure earlier release from prison.

Congress directed the Bureau of Prisons ("BOP") to develop a system to assess each inmate's risks and needs.  18 U.S.C. § 3632(a).  That risk and needs assessment tool was required to be completed no later than July 19, 2019.  Id.  The BOP met this deadline by announcing the development of its Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") tool on July 19, 2019.  See Press Release 19-784, U.S. Dep't of Justice, Department of Justice Announces the Release of 3,100 Inmates Under the First Step Act, Publishes Risk and Needs Assessment System, available at https://www.justice.gov/opa/pr/department-justice-announces-release-3100-

inmates-under-first-step-act-publishes-risk-and (last checked December 9, 2021).

Congress then directed the BOP to apply this assessment (the PATTERN tool) to determine each inmate's needs for programming appropriate to him. 18 U.S.C. § 3632(a)(3).  This step was required to be completed 180 days after the creation of the PATTERN tool, or by January 15, 2020.  The BOP met this deadline by screening all inmates using the PATTERN tool as announced on January 15, 2020.  See Press Release 20-37, U.S. Dep't of Justice, Department of Justice Announces Enhancement to the Risk Assessment System and Updates on First Step Act Implementation, available at https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (last checked December 9, 2021).

Congress created in the FSA a system of "time credits" to encourage inmates to participate in the particular programming needed by them as indicated by their PATTERN assessment.  18 U.S.C. § 3632(d).  Under the FSA, time credits may be earned by eligible prisoners who successfully complete the right type of programming or productive activities.  18 U.S.C. § 3632(d)(4)(A). Time credits for the right kind of programming are awarded at the rate of "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."  18 U.S.C. § 3632(d)(4)(A)(i).  Not all programs or activities an inmate participates in qualify for these time credits.  Id.; see also 18 U.S.C. § 3635(3), (5).  Inmates

may not count time credits earned prior to the enactment of the FSA under these provisions nor may they count programming completed before the commencement of their sentences.  18 U.S.C. § 3632(d)(4)(B).

The final deadline contained in the FSA directs the BOP to phase in the entire program for all prisoners by January 15, 2022.  18 U.S.C. § 3621(h)(2).  During the final phase-in period, the BOP is to provide priority to inmates based on the proximity of their release dates.  18 U.S.C. § 3621(h)(3).  Congress specified that, during the phase-in period, the BOP "may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of" the date of enactment of the FSA.  18 U.S.C. § 3621(h)(4).

Respondent indicates Mr. Kerkman has completed 500 hours of programming.  See Docket No. 11 at pp. 2-3, ¶ 8.  Under the FSA, earned time credits are to be granted based on the number of days of approved programming that the inmate successfully completes using a 1:3 ratio (10 days of earned time credit for every 30 days of successful completion of approved programming).  18 U.S.C. § 3632(d)(4)(A)(i).  Not all programs or activities an inmate participates in qualify for these time credits—only programming engaged in after the effective date of the FSA and only that programming that corresponds to an inmate's assessed needs.  Id.; see also 18 U.S.C. § 3635(3), (5).

Mr. Kerkman's claim to receive credit immediately in the here and now for whatever programming he has completed rests upon his reading of the FSA under which the BOP is required to implement the FSA fully right now.

The government has argued, to the contrary, that it need not fully implement the FSA until January 15, 2022. Until that date comes, the government has argued in other cases, Mr. Kerkman's claim is not ripe. Because Mr. Kerkman's claim is unripe, the respondent asserts this court is without subject matter jurisdiction to consider his petition.

Chief Judge Roberto A. Lange, in a thorough opinion on this very subject, has ruled in favor of the government, siding with the majority of courts that have addressed this issue. See Holt v. Warden, 4:20-cv-04064-RAL, 2021 WL 1925503, at *4-6 (D.S.D. May 13, 2021); Cornell v. Bennett, 4:21-cv-04056-RAL, 2021 WL 3417898, at *1 (D.S.D. July 21, 2021). Two opinions contrary to Judge Lange's decision were issued in this district, relying on the minority opinion in Goodman v. Ortiz, Civ. No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020). See Nelson v. Cox, 4:20-cv-04199-KES, Docket No. 39 (D.S.D. Nov. 24, 2021); O'Bryan v. Cox, CIV 21-4052, 2021 WL 3932275 (D.S.D. Sept. 1, 2021). The Eighth Circuit has now summarily affirmed Judge Lange's opinion. Cornell v. Bennett, No. 21-2731 (8th Cir. Nov. 29, 2021).

This court incorporates by reference herein the entirety of Chief Judge Lange's reasoning and authority. In short, only one court and two judges within this district have ruled that the BOP is under an obligation to begin crediting inmates with earned FSA time credits prior to January 15, 2022.

Holt, 2021 WL 1925503, at *5 (citing Goodman v. Ortiz, 2020 WL 5015613). The majority of other courts to address the issue have reached a contrary conclusion. Id. (citing decisions from S.D.N.Y., N.D. Fla., C.D. Ill., E.D. Cal.).

Chief Judge Lange sided with the majority, noting that, regarding implementation of FSA earned credits prior to January 15, 2022, Congress used the permissive word "may," not the mandatory word "shall." Id. Although the court noted that the BOP was evading the spirit of the FSA by not engaging in any phasing-in prior to January 15, 2022, ultimately, Chief Judge Lange concluded that Congress' intent was clear: by using the word "may," the BOP was given discretion as to when earned FSA time credits would be credited toward prisoners' early release so long as they do so fully no later than January 15, 2022.

The court agrees with Chief Judge Lange's analysis. As the BOP has taken the position that it will not apply FSA credits *until* January 15, 2022, Mr. Kerkman's claim prior to that date is not ripe. Or, another way of characterizing his claim is that he lacks standing: he cannot show he has sustained an injury. Id.

Federal courts are courts of limited jurisdiction—they may adjudicate only those cases within their articulated jurisdiction under Article III of the Constitution or a valid statute enacted pursuant to Article III. Marbury v. Madison, 1 Cranch (5 U.S.) 137, 173-80 (1803). A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's authority and competence to hear the case pending before it. 5B

Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1350, at 64 (3d ed. 2004); Yankton Sioux Tribe v. U.S. Army Corps of Eng'rs, 194 F. Supp. 2d 977, 983 (D.S.D. 2002). "[I]t is a cardinal rule upheld by countless federal cases that [neither the court nor] the parties may not create or destroy jurisdiction by agreement or by consent." 5B Fed. Practice & Procedure, § 1350, at 128. The issue of a federal court's subject matter jurisdiction, or lack thereof, is central to the tenets of judicial federalism, the distribution of judicial power between state and federal courts. Id. at 120-33. Unfortunately, the court concludes it lacks subject matter jurisdiction over Mr. Kerkman's claim.

### 2. Mr. Kerkman's Claim is Not Ripe

Without ruling on whether he is correct on the law or the facts, for purposes of the pending motion to dismiss, the court accepts as true the few facts Mr. Kerkman does place into the record. He has a release date of July 31, 2022. He claims he is entitled to 5 months of credit under the First Step Act. Docket No. 1. Accordingly, if respondent were to immediately credit Mr. Kerkman with 5 months of earned time credit, his projected release date would be approximately February 28, 2022.

But, as stated above, an inmate is not entitled to a 1:1 credit for every hour of programming he engages in under the FSA. First, only certain programs will result in credit to an inmate depending on what needs the inmate is assessed as having. 18 U.S.C. §§ 3632(a)(3) & (d)(4)(A)(i) and 3635(3) & (5). Second, an inmate only earns credit on a 1:3 ratio, or a 1:2 ratio if he is

classified as "low" or "minimum" risk.  18 U.S.C. § 3632(d)(4)(A)(i) and (ii).  Respondent concedes that Mr. Kerkman has engaged in 500 hours of programming, but asserts that under the FSA this equates to a credit of 31.25 days of FSA time credits.  Docket No. 10 at p. 18.

Mr. Kerkman does not articulate this fact, but from other litigation emanating from the Yankton Prison Camp, the court discerns that respondent has taken the position that it need not award any First Step Act credits until the final deadline for implementation of the act—January 15, 2022.  Inmates like Mr. Kerkman have objected to that delay of the full implementation of the Act and are asking the court to force respondent to implement the Act and the credits they say they are entitled to now.

However, in Mr. Kerkman's case, the facts show his claim is not now ripe and may never be ripe.  "Article III of the United States Constitution limits the jurisdiction of federal courts to 'actual ongoing cases or controversies.' " Arango-Palacios v. Yankton FPC Warden, 4:21-cv-04061-LLP, 2021 WL 3493624, at *1 (D.S.D. Aug. 9, 2021) (quotation omitted).  Ripeness concerns the issue whether a live case or controversy has been presented and, if not, if it is likely to ever be presented.  Id.

Even if Mr. Kerkman is correct that the respondent is reading the First Step Act unlawfully by delaying implementation until January 15, 2022, even under a "best case scenario" asserted by Mr. Kerkman whereby he would be entitled to 5 months' worth of credits, he would not be entitled to be released until February 28, 2022.

8

Because respondent will implement the FSA at the latest by January 15, 2022, there is every possibility respondent will credit Mr. Kerkman with the earned time credits he believes he should have under the First Step Act. If respondent does so, there will never be a live case or controversy presented. If respondent does not give Mr. Kerkman credit, then there will be a live case or controversy and Mr. Kerkman can refile a petition with the court at that time.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondent's motion to dismiss [Docket No. 9] be granted and that Mr. Kerkman's § 2241 petition [Docket No. 1] be dismissed without prejudice for lack of subject matter jurisdiction—specifically a lack of ripeness. Additionally, Mr. Kerkman's emergency motions for immediate release [Docket Nos. 7, 12] should be denied. Should respondent fail to credit Mr. Kerkman with the First Step Act earned time credits he believes he is due between January 15, 2022, and February 28, 2022, Mr. Kerkman may refile his petition at that time.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the

district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 13, 2021.

                                BY THE COURT:

                                */s/ Veronica L. Duffy*
                                VERONICA L. DUFFY
                                United States Magistrate Judge