UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MAX KERKMAN,<br><br>          Petitioner,<br><br>vs.<br><br>YANKTON FPC, WARDEN,<br><br>          Respondent. | 4:21-CV-04183-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Petitioner, Max Kerkman, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Kerkman seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 6, 8. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order.

Respondent now moves to dismiss Kerkman's petition for failure to exhaust administrative remedies, for lack of subject-matter jurisdiction, and for failure to state a claim. Docket 9. The Magistrate Judge entered a report and recommendation recommending Kerkman's petition be dismissed without prejudice for lack of ripeness. Docket 13 at 9. Kerkman did not file objections to the Magistrate Judge Duffy's report and recommendation. After de novo review of the record, this court rejects the Magistrate Judge's report and recommendation and grants respondent's motion to dismiss on other ripeness grounds.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Respondent states that Kerkman has a projected release date of July 31, 2022, via Good Conduct Time. Docket 10 at 2. In his initial petition, Kerkman asked the court to order immediate application of five months of First Step Act (the "Act") time credits earned through participation in evidence-based recidivism reduction programming and productive activities. Docket 1 at 6, 8. In a later motion, he claims that he has now earned a total of eight months of time credits because he has continued to participate in programming and activities since filing his petition. *See* Docket 7 at 1. Respondent states that Kerkman has completed 500 hours, or 62.5 days, of programming and activities. Docket 10 at 16.

In her report and recommendation, the Magistrate Judge found that the court lacks subject-matter jurisdiction over Kerkman's petition because the BOP has no duty under the Act to apply Kerkman's time credits until January

2

15, 2022. Docket 13 at 5-7. The Magistrate Judge further recommended that Kerkman's petition be dismissed on ripeness grounds because even if Kerkman were entitled to the five months of time credits he claimed he had earned in his initial petition, his release date would still be February 28, 2022, providing the BOP with the opportunity to implement the Act and apply Kerkman's credits between January 15, 2022, and February 28, 2022. *Id.* at 7-9.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. *See* 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). There has been no showing in this case to support a general challenge to the rulemaking of

respondent on whether to allow time credits for various inmate activities, and if allowing time credits, how many time credits to allow for each day of activity.

Kerkman is the proper party to bring this claim. But there is not at this time and might never be a time when Kerkman has a valid claim that he will lose days of time credits to which he is entitled under the Act. Under respondent's calculation, Kerkman would be entitled at the most to 31.25 days of time credits for evidence-based recidivism reduction programming and productive activities that he has currently completed. Docket 10 at 16. Kerkman has not challenged respondent's rulemaking on this calculation, and this court defers to respondent's calculation, which is an adjudicative decision. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of his projected release date of July 31, 2022, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Kerkman's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court rejects the Magistrate Judge's report and recommendation dismissing this matter for lack of subject-matter jurisdiction on other ripeness grounds and dismisses Kerkman's petition.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 9) is granted. Kerkman's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.

2. That the Magistrate Judge's report and recommendation (Docket 13) is rejected.

3. That Kerkman's motions for immediate release (Dockets 7, 12) are denied.

Dated January 11, 2022.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE